IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KAREN CASON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No.  **06-659-GPM** |
| **EAST ST. LOUIS SCHOOL** | ) | |
| **DISTRICT 189, and** | ) | |
| **THERESA SAUNDERS,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is defendants' Motion for More Definite Statement.  **(Doc. 6)**.  Plaintiff filed a response out of time.  **(Doc. 9)**.  Defendants filed a reply.  **(Doc. 11).**

Plaintiff, an employee of the defendant school district, alleges that defendants have retaliated against her for her exercise of her first amendment rights.  She alleges that "On various instances prior to and after Saunders was put in office, Plaintiff spoke out on matters of public concern including, but not limited to, her affiliation with local government officials."  **Doc. 1, ¶¶8 and 20.**  She gives no further details about her speech.

Defendants argue that plaintiff is required to identify with more specificity the speech which she alleges was protected.  The court agrees.  "In order to establish a First Amendment retaliation claim, the facts alleged in the complaint must show that (1) the speech in which the plaintiffs engaged was constitutionally protected under the circumstances, and (2) the defendants retaliated against them because of it."  ***Gustafson v. Jones*, 117 F.3d 1015, 1018 (7th Cir. 1997)**.  Even though the federal system requires only notice pleading, the plaintiff in a case such as this

is required to plead sufficient operative facts to give the defendant notice that "some specific speech or conduct by the plaintiff led to" the alleged retaliation.  *Kyle v. Morton High School*, **144 F.3d 448, 454 (7th Cir. 1998)**.  As the Seventh Circuit has observed, "This is not a particularly cumbersome assignment."  *Id.*

As the complaint now stands, it is impossible to determine whether plaintiff's speech was protected because it addressed a matter of public concern.  The complaint does not identify the speech at issue.  It is not even clear whether the phrase "her affiliation with local government officials" refers to the plaintiff's affiliation or to Saunders' affiliation.

Upon consideration and for good cause shown, defendants' Motion for More Definite Statement **(Doc. 6)** is **GRANTED**.  Plaintiff shall file an amended complaint consistent with this order on or before **April 23, 2007.**

**IT IS SO ORDERED.**

**DATE:  April 13, 2007.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
